UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MUTTAQIN FATIR ABDULLAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BATES Case Manager, ) | |
| C.O. HARLOW Correctional Officer, ) | No. 2:12-cv-00062-WTL-MJD |
| CAPTAIN VINCENT Correctional Officer, ) | |
| POUNDS Correctional Officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be granted.

**Background**

The plaintiff in this civil rights action is Muttaqin Fatir Abdullah, formerly an inmate at the Federal Correctional Complex in Terre Haute, Indiana ("FCC"). The FCC is a prison complex operated by the Federal Bureau of Prisons ("BOP"). The defendants are Case Manager Bates and Correctional Officers Harlow, Vincent, and Pounds--all employed by the BOP at the FCC at the time relevant to Abdullah's claim.

Abdullah's allegations are that on April 15, 2010, he returned to the FCC from a nearby hospital, found that the cell to which he had been assigned prior to his stay in the hospital had been assigned to a different inmate, confronted Case Manager Bates about the change, became

verbally involved with Case Manager Bates, was physically taken to the ground by all the defendants, was the victim of excessive force when on the ground, and was sexually assaulted while on the ground and while being carried to another location. He seeks damages of six million dollars. His claim is asserted pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Jurisdiction for such a claim is derived from 28 U.S.C. § 1331.

The defendants have appeared by counsel and, as noted, have filed a motion for summary judgment.

## Applicable Law

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

The substantive law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act (APLRA@) requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). A[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.@ *Id.* at 532 (citation omitted).

"[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

**Discussion**

The BOP has promulgated an administrative remedy system which is the process by which an inmate may seek formal review of a complaint related to any aspect of his confinement. *See* 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement (PS) 1330.17, *Administrative Remedy Program*. Inmates have access to BOP Program Statement 1330.17 through the institution law library and the administrative remedy filing procedures are outlined in an Inmate Information Handbook provided to all inmates upon initial intake to the FCC. The sequence and details of the BOP exhaustion procedure are the following:

- An inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8.

- If the informal remedy request does not resolve the inmate's complaint, the inmate is required to address his complaint to the Warden via a BP-9. 28 C.F.R. § 542.14.

- If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. 28 C.F.R. § 542.15.

- If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. 28 C.F.R. § 542-15. Once an inmate receives a response to his appeal from the General Counsel after filing administrative remedies at all three levels, his administrative remedies are exhausted as to the specific issue raised.

- The administrative remedy procedure of the BOP also addresses the scenario in which an inmate who has filed a grievance does not receive a timely response. It does so by providing that if the inmate does not receive a response within the time allotted for reply, including extension (20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level), the inmate may consider the absence of a response to be a denial. *See* 28 C.F.R. § 542.18.

Abdullah's claims in this lawsuit are within the scope of the BOP grievance procedure just described. The BOP has a system of records which permits it to determine whether and what steps were taken through the grievance procedure just described, and with what response if taken. The evidentiary record shows that Abdullah took the following steps with respect to the claims in this case:

- Abdullah filed a request for administrative remedy on June 7, 2010. After initially being rejected as untimely, Abdullah was permitted to re-file after providing evidence that he was not at fault for the untimely filing. This evidence consisted of staff delay and error in responding to his BP-8. Abdullah's re-filed request for an administrative remedy (the BP-9) was then denied at the institutional level.

- On June 23, 2010, Abdullah appealed to the regional office level, which rejected the appeal because Abdullah did not use the proper form and exceeded the permissible page limit. On August 11, 2010, Abdullah re-filed his appeal, which was again rejected because he still failed to use the proper form, exceeded the permissible page limit, and did not attach a copy of the institutional level administrative remedy. On August 20, 2010, the regional office received Abdullah's third, re-filed appeal, which was rejected for the same reasons as had been given previously.

- On September 1, 2010, the regional office rejected Abdullah's appeal for the third time, but allowed him an additional ten days to file the correct paperwork and re-submit his appeal.

- Abdullah did not re-submit his appeal for the fourth and final time until October 12, 2010, at which point it which was rejected as untimely. He had made no effort in that submission to demonstrate that the delay was not his fault.

Abdullah thus failed to properly exhaust by (a) failing repeatedly to properly appeal to the regional office, and (b) failing to appeal to the General Counsel.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Abdullah's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

## Conclusion

For the reasons explained above, the motion for summary judgment [dkt 23] is **granted.** Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  08/27/2013

Distribution:

Muttaqin Fatir Abdullah
12465-171
Lewisburg - USP
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837

Electronically Registered Counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana